[No. 8,075.—Department One.]

## JOHN Y. DAVIS ET AL. v. THE CITY OF SACRAMENTO.

NUISANCE—SACRAMENTO.—Action to abate a nuisance, and for damages and an injunction. The complaint alleged the construction of a canal by the defendant "to the head of Beach's Lake," by which water was discharged in the lake, and the level of the same raised so as to overflow the plaintiff's land. A demurrer was sustained to the complaint, apparently upon the ground, that the construction of the canal was authorized by the Act of March 12, 1868, which authorizes "the construction of a ditch or canal, for drainage purposes, leading from the north line of R Street, Sacramento, to the channel or slough known as 'Snodgrass Slough' or 'Bloom's Lake.'"

*Held:* It does not appear, from the allegations of the complaint, that the canal was constructed as authorized by the Act. The demurrer should have been overruled.

APPEAL from a judgment for the defendant, in the Superior Court of Sacramento County.

The complaint alleges, in effect, the construction of a drainage canal by the city to the head of Beach's Lake, and that, by reason of the waters thus carried into the lake, the waters in said lake are, during the dry season, since the completion of said canal, raised from two to four feet above the natural level, and thereby about sixty acres of the plaintiff's land have been overflowed and submerged to the depth of two to four feet, etc. A petition for hearing in bank was filed in this case after judgment, and denied.

*John W. Armstrong,* for Appellants.

They who claim a right under the exercise of the powers of eminent domain must show a statute authorizing the taking of private property for public use, and a strict compliance with its provisions. There is no presumption in favor of such right. (*Bensley* v. *Mountain Lake Water Co.,* 13 Cal. 306–310; *Curran* v. *Shattuck,* 24 id. 427; *Stanford* v. *Worn,* 27 id. 171–174; *Smith* v. *Davis,* 30 id. 536, 537.)

The statutes referred to do not assume to authorize a drainage canal to be constructed from the city to Beach's Lake; but only a drainage canal, "leading from the north line of R Street, Sacramento, to the channel or slough known

as Snodgrass Slough or Bloom's Lake." (Stat. 1867–8, p. 127, § 3.)

*W. A. Anderson* and *Grove L. Johnson*, for Respondent.

The construction of the Sacramento Drainage Canal of which appellants complain, was authorized by legislative grant and license. (Stat. 1867–8, p. 127; Stat. 1869–70; p. 127; Stat. 1871–2, p. 854; Stat. 1873–4, p. 604; Stat. 1877–8, p. 852.)

The work being done, and canal constructed, under authority from the State, and for public uses, there is no injury in contemplation of law, and which license operates as a complete immunity from any action of this nature. (*Green* v. *Swift*, 47 Cal. 536; *Hoagland* v. *City of Sacramento*, 52 id. 142; *Baily* v. *New York*, 3 Hill, 539; S. C., 38 Am. Dec. 669.)

The alleged cause of complaint being part of a system of reclamation, and the land in question being swamp and overflowed land, the appellants are bound by the Acts of the legislature providing for its reclamation. (*Kimball* v. *Reclamation Fund Commissioners*, 45 Cal. 344.)

The COURT:

The Act of March 12, 1868 (Stat. 1867–8, p. 127), authorized "the construction of a ditch or canal for drainage purposes, leading from the north line of R Street, Sacramento, to the channel or slough known as Snodgrass Slough or to Bloom's Lake." The complaint alleges the construction of a drainage canal from said city "to the head of Beach's Lake." If, as contended on the oral argument, the canal was not completed to the lower point named in the Act, but fell short of it, and emptied the sewage into a lake or slough other than those specified, and by reason thereof the acts complained of were performed and the damage sustained, plaintiff doubtless has a cause of action, and is entitled to relief. Looking at the Act above referred to and the complaint, we can not say that the canal, terminating in Beach's Lake, has been constructed and used the entire distance contemplated by the Act.

Judgment reversed and cause remanded, with instruction to overrule the demurrer, with leave to defendant to answer.